IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:08cr00317 SWW |
| | * | |
| | * | |
| CRAIG A. HAGERTY and | * | |
| ANGELA L. HAGERTY, | * | |
| | * | |
| Defendants. | * | |

ORDER

Defendants Craig A. Hagerty and Angela L. Hagerty, husband and wife, are under indictment for conspiracy to evade and defeat taxes, income tax evasion, and evasion of payment. On February 25, 2009, Mr. Hagerty appeared before the Court for a hearing on the matter of his compliance with the Order Setting Conditions of Pretrial Release in the above-styled case. From the testimony of the United States Probation Officer and the facts stated on the record, the Court found that Mr. Hagerty refuses to obey Court orders, has exhibited a pattern of behavior of not cooperating with his attorney, has shown only defiance, has not obtained or sought employment in violation of his conditions of pretrial release, traveled to another jurisdiction without proper notification, deliberately gave the probation officer a wrong address resulting in the probation officer initially being unable to locate defendant, and has failed to report to the probation officer for his weekly supervision contact as directed. *See* Order dated February 25, 2009 [doc.#32]. The Court found by a preponderance of the evidence that Mr. Hagerty poses a serious risk of

flight and a serious risk of obstruction of justice. *Id*. (citing 18 U.S.C. § 3142).[1]  Given Mr. Hagerty's failure to comply with his pretrial conditions of release, the Court determined there are no reasonable conditions of release that can be set. *Id*. That being so, and given that it was established by clear and convincing evidence that Mr. Hagerty violated the pretrial conditions of his release, the Court ordered that Mr. Hagerty's pretrial release be revoked and that he be detained pending trial. *Id*.

On March 6, 2009, Mr. Hagerty filed a motion for modification of detention order, opposed by the government [doc.#34].  Mr. Hagerty argued that a material change of circumstances has occurred that would support his release from jail under appropriate conditions of release, the material change being (1) a change in his attitude and his realization that the Court undoubtedly will enforce the conditions of release ordered by Magistrate Judge Ray and (2) that he has filed a motion whereby the Court will be able to determine in camera whether, based on his financial affidavit, he is eligible for appointed counsel.[2]

The Court held a hearing on Mr. Hagerty's motion on March 11, 2009, during which evidence (both documentary and testimonial) was presented and argument was made.  By Ordered dated March 12, 2009 [doc.#42], which memorialized the Court's ruling from the bench at the conclusion of the hearing, the Court denied Mr. Hagerty's motion for modification of detention order and found that Mr. Hagerty should remain detained in accordance with 18 U.S.C.

---

[1] *See, e.g., United States v. Orta*, 760 F.2d 887 (8th Cir. 1985 (en banc) (standard of review); *United States v. Abad*, 350 F.3d 793 (8th Cir. 2003) (same); *see also United States v. Madoff*, 586 F.Supp.2d 240, 247 (S.D.N.Y. 2009) (court must determine whether the government has established by a preponderance of the evidence that defendant presents a risk of flight or obstruction of justice).

[2] The Court has not considered the issue of Mr. Hagerty's eligibility for appointed counsel and his financial affidavit in ruling either on the initial question of Mr. Hagerty's detention or on Mr. Hagerty's motion for modification of detention order.

§§ 3142, 3148. Among other things, the Court found that there is no condition of release that would assure Mr. Hagerty's compliance with the conditions of release, particularly with respect to his not moving money around and trying to hide assets from the government, which this Court finds there remains a serious risk, and that there remains a serious risk of flight on the part of Mr. Hagerty.

Now before the Court is Mr. Hagerty's motion for modification of detention order, opposed by the government [doc.#44] and supplemental motion for release under conditions that include property bond [doc.#50]. The government has responded in opposition to both of these motions.

Mr. Hagerty states he will pledge three acres of land worth approximately $40,000, and the residence of his mother in Lincoln, Nebraska, which he states was inherited from his grandmother and is owned by himself and his two siblings. Mr. Hagerty also states his brother, Dr. Curt Hagerty, a dentist in Russellville, Arkansas, is willing to serve as his third-party custodian.

The Court has considered the matter and will deny Mr. Hagerty's motion for modification of detention order and supplemental motion for release under conditions that include property bond. As noted by the government, the three acre parcel offered by Mr. Hagerty is not owned in his name, but in the name of Rye, LLC. The land was a buy back of 3 acres from a 180 acre parcel sold through another entity controlled by Mr. Hagerty, Premier Property Investments. The sale of the 180 acre tract is referred to in the pending Indictment in Overt Act 45. The buy back in the name of Rye, LLC is part of the government's evidence that relates to the charges in Count 8 of the Indictment that Mr. Hagerty took actions to evade the payment of

his taxes.  Thus, the property in question is not only part of the criminal conduct alleged against Mr. Hagerty, but likely will be subject to tax liens filed on behalf of the State of Arkansas and/or the Internal Revenue Service.

Moreover, the government is correct that the context of the financial events that have transpired in this case since the filing of the indictment belie any notion that a property bond is appropriate, whether with regard to the presently proposed property, or any other property.  Mr. Hagerty has refused to compensate his attorney leading the Court to appoint counsel.  Mr. Hagerty then refused to provide a financial affidavit to the Court setting forth whether he qualified for appointed counsel.  After Mr. Hagerty filed the affidavit in camera and ex parte so as not to compromise any Fifth Amendment privilege he may have regarding his association with assets, the Court entered an order finding that on the face of the Mr. Hagerty's affidavit, he qualified for appointment of counsel but may have to reimburse the government for the expense of counsel if it is later determined that he had sufficient assets.  Thus, the three acres could be subject to disposition with the proceeds being directed as reimbursement for the cost of counsel.

Concerning the residence in Lincoln, Nebraska, the government correctly notes that there are substantive questions of whether, if Mr. Hagerty failed to appear, the property could be seized from multiple owners or would enjoy some type of homestead exemption under Nebraska law that would bear upon the determination of its adequacy as collateral.  As there also is significant ownership of other persons in the property, the Court finds that a property bond to include the Nebraska residence would be inadequate.

Finally, concerning third party custody by Mr. Hagerty's brother, the Court has already found that there is no condition of release that would assure Mr. Hagerty's compliance with the

conditions of release, particularly with respect to his not moving money around and trying to hide assets from the government, which this Court finds there remains a serious risk.  Third party custody by Mr. Hagerty's brother does not address the concerns of the Court that Mr. Hagerty can freely move and hide assets if released pending trial.  In addition, there remains a serious risk of flight on the part of Mr. Hagerty.

IT IS THEREFORE ORDERED that Mr. Hagerty's motion for modification of detention order, opposed by the government [doc.#44] and supplemental motion for release under conditions that include property bond [doc.#50] be and they hereby are denied.

Dated  this 2nd day of April 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE